## City of Newton v. Joseph Bergbower.

1. CITIES AND VILLAGES—*Mayor Can Not Remit Fines.*—The power given by section 9, article 2, chapter 24, R. S., entitled "Cities, Villages and Towns," to release any person imprisoned for a violation of an ordi-

nance, does not authorize him to release the judgment under which such imprisonment was had.

**Debt,** for the violation of an ordinance. Appeal from the County Court of Jasper County; the Hon. H. M. KASSERMAN, Judge, presiding. Heard in this court at the August term, 1895. Reversed and remanded. Opinion filed March 7, 1896.

THOMAS J. FITHIAN, city attorney, for appellant.

No appearance by appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee was fined for the violation of an ordinance of appellant, in the sum of $25, from which judgment each party took an appeal—the appellee to the Circuit Court and appellant to the County Court of Jasper County. The appellee did not perfect his appeal, but appellant did, and the transcript of the proceedings was duly filed in County Court. Thereafter, the record does not show when, the following entry was made on the justice's docket in said case:

"I, T. R. Baker, Mayor *pro tem.* of the city of Newton, hereby remit the above penalty."

An additional transcript was filed in the County Court, showing such entry, and thereupon appellee's counsel made a motion to dismiss the appeal on the following grounds: 1, the penalty imposed by the judgment was remitted; 2, the appellee had first prayed an appeal and had therefore the right to choose the court to which the appeal should go; 3, there was no judgment from which an appeal could be taken. The court sustained the motion and dismissed the appeal; thereupon the city attorney was authorized to bring the case to this court.

The judgment, as entered on the justice docket, was in due form, and appellee did not perfect the appeal he prayed, therefore there is nothing in the second and third grounds. The mayor had no power to remit the judgment, and therefore an appeal could be taken from it. The appeal, however, was taken and the transcript filed, evidently, before the attempt to remit the penalty was made, which filing of

the transcript perfected the appeal.    The power given by Sec. 9, Art. 2, part 1, of Incorporation Act, to the mayor, is to *release* any person *imprisoned* for the violation of any city ordinance.    This does not include the power to release the judgment under which such imprisonment may be made.

The appellee filed no briefs, and we might have reversed and remanded the case under our rules *pro forma*, but in order to settle the questions here raised, deemed it best to decide the points made.    The judgment is reversed and the cause remanded.